## HEZ EVANS v. THE STATE.

### No. 2698.   Decided May 4, 1904.

**Judge—Absence from Bench.**

Where the record shows that the district judge was absent from the bench during the trial, the judgment will be reversed.

Appeal from the District Court of Johnson. Tried below before Hon. W. Poindexter.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

Defendant's supplemental motion for new trial supported by affidavit of himself and his attorneys, shows that for several hours and during the greater portion of the argument of counsel both for the State and defendant, the presiding judge was in his private room with the door closed and not within sight or hearing of defendant, his attorneys and the jury who tried the case.

The judge qualifies the statement in the motion of defendant and his counsel by a written statement, not under oath, that his private room is not over six feet from where the jury was. That he dictated his charge there, so as not to disturb the counsel in their argument; that he could and did hear their argument; that nothing unusual occurred; that the door of his room was open part of the time and that he took pains to keep it partly open; that defendant's counsel did not object to this matter at the time, and that it was the uniform practice in his court, with the consent of the attorneys, to write his charge in his private room. The judge also controverts the statement in defendant's motion as to the argument of the county attorney, to which defendant's counsel say they would have objected if the judge had been present, by stating that the court instructed the jury by way of special charge not to regard the argument of the county attorney.

As the case went off on the question of the judge's absence alone, a further statement of the case is unnecessary.

*S. C. Padleford, Odell, Phillips & Johnson,* and *W. J. Gray,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of manslaughter, and his punishment assessed at confinement in the penitentiary for two years. The only question we deem necessary to pass upon is the absence of the district judge from the bench during the trial of the case. The

facts presenting this matter are, in substance, the same as in Bateson v. State, from Johnson County, decided at the Dallas term, 1904. While in some respects it differs from the facts therein detailed, it is not of sufficient importance to rehearse here. We held in that case that the absence of the judge from the courtroom during the progress of the trial constituted reversible error. For the reason therein assigned, the judgment here is reversed and the cause remanded.

*Reversed and remanded.*